Filed 9/1/23  In re L.M. CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| In re L.M. et al., Persons Coming Under the Juvenile Court Law. | |
| RIVERSIDE COUNTY DEPARTMENT OF PUBLIC SOCIAL SERVICES,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>A.K. et al.,<br><br>    Defendants and Appellants. | E081256<br><br>(Super.Ct.No. RIJ1900412)<br><br>OPINION |

APPEAL from the Superior Court of Riverside County.  Dorothy McLaughlin, Judge.  Conditionally reversed and remanded with directions.

Marissa Coffey, under appointment by the Court of Appeal, for Defendant and Appellant A.K.

Jesse McGowan, under appointment by the Court of Appeal, for Defendant and Appellant J.M.

1

Gregory P. Priamos, County Counsel, and Larisa R-McKenna, Deputy County Counsel, for Plaintiff and Respondent.

A.K. (Mother) and J.M. (Father) are the parents of L.M., J.M.Jr., and A.M. Mother is also the mother of M.F.Jr.[1] The parents appealed from a judgment terminating their parental rights as to the children. (Welf. & Inst. Code,[2] § 366.26.) Mother and Father filed an opening brief contending that the Riverside County Department of Public Social Services (the Department) and the juvenile court failed to adequately comply with the inquiry requirements of the Indian Child Welfare Act (ICWA). (25 U.S.C. § 1901 et seq.; Cal. Rules of Court, rule 5.480 et seq.) On August 2, 2023, the parties filed a joint application and stipulation for a conditional reversal of judgment and remand. After our own careful review of the entire record, we conclude that the Department and the juvenile court did fail to adequately comply with the inquiry requirements of ICWA, and we reverse with directions.

FACTUAL AND PROCEDURAL HISTORY

The children L.M., J.M.Jr., and A.M. were detained on July 23, 2019. The child M.F.Jr. was detained following his birth in July 2021. Between July 2019 and January 2022, Mother and Father denied having any Native American ancestry, both orally and through signed ICWA-020 Parental Notification of Indian Status (ICWA-020)

---

[1] In September 2022, Mother gave birth to G.F., who was also immediately taken into protective custody. M.F. (Father M.F.), the father of M.F.Jr. and G.F., is not a party to this appeal, and G.F. is not a subject of this appeal.

[2] All future statutory references are to the Welfare and Institutions Code.

2

forms. During this time, the Department was aware of both maternal and paternal relatives, which included the paternal grandparents, two paternal uncles, and the maternal grandmother, and were readily available to be interviewed. On July 26, 2019, February 21 and August 12, 2020, and January 11, April 5, and September 20, 2021, the juvenile court found that ICWA did not apply as to L.M., J.M.Jr., and A.M.

On July 15, 2021, Mother reported that Father M.F. was a registered tribal member of the Rincon or Pala Tribe. On this same day, Father M.F.'s mother reported that she was a registered member of the Rincon Tribe.

The social worker confirmed with the Pala Tribe that neither Father M.F. nor M.F.Jr. were registered tribal members or eligible for enrollment. The social worker also received information from the Rincon Tribal Family Services that the paternal great-great-grandfather was a registered tribal member, but Father M.F. and child M.F.Jr. were not registered tribal members nor eligible for enrollment.

On July 22, 2021, Father M.F. filed an ICWA-020 form indicating that he may be a member of the Rincon Indian tribe. The juvenile court found that ICWA may apply to child M.F.Jr.

On October 14, 2022, the maternal great-grandmother C.W. filed a section 388 petition, asking the juvenile court to recognize the children as Indian children, as she and her sister, S.L., were enrolled members of the Natchez Nation/Muscogee Indian Tribe, and place them with family. C.W. provided her tribal roll number, as well as the roll number of her sister, S.L.

3

Mother and various maternal relatives reported that they had Native American heritage through the Natchez Nation. Mother provided her enrollment number. The Department was also provided with copies of citizenship cards for Mother, Father, and the children showing that they were enrolled with the Natchez Nation.

On October 17, 2022, Mother filed an ICWA-020 form indicating that she and the children were eligible for enrollment with the Muscogee and Cherokee Indian Tribes. During a hearing that same day, a representative from the Natchez Nation was present by phone, as were Mother and other maternal relatives. The juvenile court was advised that the Natchez Nation was not a federally recognized Indian tribe under the 2022 federal registry and that ICWA only applied to federally recognized tribes under 25 U.S.C. section 1903, paragraph 8. The Natchez Nation, however, wished to intervene on behalf of the children. The court reserved on the issue of whether to allow the Natchez Nation to intervene.

On October 27, 2022, ICWA notices were sent on behalf of the children to the Cherokee Nation of Oklahoma, the Eastern Band of Cherokee Indians, the United Keetoowah Band of Cherokee Indians, the Morongo Band of Mission Indians, the Natchez Nation, and the Muscogee Creek Nation. The notices were missing information concerning Father's relatives. The Department was aware Father at times resided with the paternal grandparents and/or the paternal uncles. In addition, the paternal grandmother had attended few court hearings.

4

The Department received response letters from the Muscogee (Creek) Nation, the Cherokee Nation, the Eastern Band of Cherokee Indians, the United Keetoowah Band of Cherokee Indians, and the Morongo Band of Mission Indians, indicating that L.M., J.M.Jr., A.M., and M.F.Jr. were not enrolled or eligible for enrollment in the tribes. Additionally, the Muscogee Nation reported that it was not empowered to intervene in this matter. The Department also received a response letter from the Rincon Enrollment Committee reporting that M.F.Jr. was not enrolled in the tribe and there was no pending enrollment.

Mother filed two motions to transfer this case to the Natchez Nation Tribal Court under section 224.4, arguing that ICWA applied. Father filed a brief in support of transferring the case to the Natchez Nation Tribal Court. The children's counsel and the Department's counsel both filed motions opposing the request to transfer the case, arguing the children were not Indian children.

On January 11, 2023, the Department sent a second round of ICWA notices pertaining to Mother and Father M.F. on behalf of the children to the relevant tribes with copies of their enrollment cards with the Natchez Nation.

On April 10, 2023, Mother, maternal relatives, and a representative from the Natchez Nation were present at the transfer hearing. Following argument by all parties, the juvenile court found that ICWA did not apply and denied the request to transfer the matter to the tribal court, as the Natchez Nation was not a federally recognized tribe in the Federal Register. The court, however, exercised its discretion to allow the Natchez

5

Nation tribe to participate in the case under section 306.6. The court also denied the maternal great-grandmother C.W.'s section 388 petition.

On April 27, 2023, the juvenile court found all four children were adoptable, found no exceptions to termination of parental rights applied, and terminated the parental rights of Mother, Father, and Father M.F. Mother and Father timely appealed.

STIPULATION

A stipulated reversal under Code of Civil Procedure section 128, subdivision (a)(8), is permissible in a dependency case when the parties agree that reversible error occurred, and the stipulated reversal will expedite the final resolution of the case on the merits. (*In re Rashad H.* (2000) 78 Cal.App.4th 376, 380-382.) In the stipulation, the parties agree that the juvenile court erred under section 224.2 subdivision (c), when it failed to inquire whether the paternal grandmother had Native American ancestry when she appeared in court on October 17, 2022, that substantial evidence did not support the juvenile court's findings that ICWA did not apply, and that a conditional reversal of the judgment is appropriate with directions to the juvenile court to make a proper ICWA inquiry.

The juvenile court and the department have an "affirmative and continuing duty to inquire whether a child . . . is or may be an Indian child." (§ 224.2, subd. (a).) "The duty to inquire consists of two phases—the duty of initial inquiry and the duty of further inquiry." (*In re Ricky R.* (2022) 82 Cal.App.5th 671, 678.) The duty of initial inquiry applies in every dependency proceeding. (*In re Austin J.* (2020) 47 Cal.App.5th 870,

6

883-884.) Federal regulations require state courts to ask each participant "at the commencement" of a child custody proceeding "whether the participant knows or has reason to know that the child is an Indian child." (25 C.F.R. § 23.107(a).) State law requires the court to pursue an inquiry "[a]t the first appearance in court of each party" by asking "each participant present in the hearing whether the participant knows or has reason to know that the child is an Indian child." (§ 224.2, subd. (c).) In addition, when the Department takes a child into temporary custody, the agency must ask "the child, parents, legal guardian, Indian custodian, extended family members, others who have an interest in the child," and the reporting party whether the child is or may be an Indian child. (§ 224.2, subd. (b).) Extended family members include adults who are the child's stepparents, grandparents, siblings, brothers- or sisters-in-law, aunts, uncles, nieces, nephews, and first or second cousins. (25 U.S.C. § 1903(2); § 224.1, subd. (c).) ICWA also imposes a duty to provide notice of the proceedings to the pertinent Indian tribes. (25 U.S.C. § 1912(a); § 224.3, subd. (a).) Notice under ICWA must contain sufficient information to determine the child's direct ancestors. (§ 224.3, subd. (a)(5); *In re Francisco W.* (2006) 139 Cal.App.4th 695, 703.)

Here, the parties agree that the juvenile court and the Department failed to inquire of the paternal grandmother. The record also shows that the Department failed to inquire of the paternal grandfather and the paternal uncles, despite those relatives being known to the Department and readily available. A conditional reversal is therefore appropriate given the Department's and juvenile court's failure to inquire of the paternal relatives

7

concerning their Native American ancestry. (See, e.g., *In re Benjamin M.* (2021) 70 Cal.App.5th 735, 744; *In re A.B.* (2008) 164 Cal.App.4th 832, 839.) Although only Mother and Father appealed, the parental rights termination order must be reversed as to Mother, Father, and Father M.F. (*In re Mary G.* (2007) 151 Cal.App.4th 184, 208.)

## DISPOSITION

The order terminating parental rights is conditionally reversed as to all three parents. On remand, the juvenile court shall inquire of the paternal grandmother (§ 224.2, subd. (c)) and order the Department to comply with the duty of initial inquiry (§ 224.2, subd. (b)) of the paternal relatives and, if applicable, the duty of further inquiry (§ 224.2, subd. (e)) and the duty to provide notice to the pertinent tribes (25 U.S.C. § 1912(a); § 224.3). If the court determines that ICWA does not apply—either (1) because the Department has conducted a sufficient inquiry of the paternal relatives, and there is no reason to believe the children are Indian children, or (2) because the Department's inquiry reveals reason to know they are Indian children, notice was sent to the pertinent tribes, and the tribes' responses show that they are not Indian children or there is no response—then the juvenile court is directed to reinstate all previous findings and the order terminating parental rights. If the juvenile court determines that ICWA applies, the court is directed to conduct a new section 366.26 hearing in conformity with the provisions of ICWA and related California law.

Pursuant to the parties' stipulation, the clerk of this court is directed to issue the remittitur immediately.  (Cal. Rules of Court, rule 8.272(c)(1).)

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:

McKINSTER
J.

MILLER
J.